OPINION
{¶ 1} Defendant-appellant, David C. Bengal, appeals from the judgment entry of the Lake County Court of Common Pleas, sentencing him to a total prison term of eight years, after he voluntarily pled guilty to two counts of Sexual Battery, in violation of R.C. 2907.03(A)(1), and two counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1). Due to the Ohio Supreme Court's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand for resentencing.
 {¶ 2} The charges against Bengal arose from various acts of sexual contact initiated by Bengal with the teenage babysitter of his two children, which occurred between 1996 and 1997 when Bengal was 30 and the victim was between 12 and 13 years of age.
 {¶ 3} On December 14, 2004, Bengal was charged by way of information, with two counts of Sexual Battery and two counts of Gross Sexual Imposition shortly after his victim came forward with her allegations against him. The record reveals that the victim reported the incidents after she had heard that appellant was again abusing alcohol, and the victim became concerned for the safety of appellant's daughter, who was roughly the same age as the victim was when the aforementioned incidents occurred.
 {¶ 4} On December 15, 2004, Bengal pled guilty to all charges. The court held his sentencing hearing on February 9, 2005, at which time Bengal was sentenced to a term of four years each on the Counts One and Two, the Sexual Battery offenses, and twelve months each on Counts Three and Four, the Gross Sexual Imposition offenses. The trial judge ordered that the sentences for Counts One and Two be served consecutively, while the sentences for the other two counts were to run concurrently with each other, and the Sexual Battery sentences, for a total of eight years incarceration.
 {¶ 5} Bengal timely appealed, assigning the following as error:
 {¶ 6} "[1.] The trial court violated the defendant appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10, and 16, Article I of the Ohio Constitution, when it sentenced him contrary to R.C.2929.11(B).
 {¶ 7} "[2.] The trial court ruled contrary to law when it imposed consecutive sentences.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} For the sake of clarity, we will address Bengal's assigned errors out of order, and address the second and third assignments of error together.
 {¶ 10} In his second and third assignments of error, Bengal argues that the trial court erred in imposing greater than the minimum and consecutive sentences based upon a finding of facts essential to the imposition of punishment, which he did not admit or were not found by a jury.
 {¶ 11} Bengal maintains that the factors contained in R.C.2929.14(B), allowing the trial judge to impose a greater-than-the-minimum sentence based upon the finding of certain statutorily denoted aggravating factors denoted in the statute, violated his Sixth Amendment right to trial by jury pursuant to the United States Supreme Court's holding in Blakelyv. Washington (2004), 542 U.S. 296 and its progeny. Appellant further argues that the trial court's imposition of consecutive sentences based upon the required findings contained in R.C.2929.14(E)(4) likewise violate his constitutional rights underBlakely.
 {¶ 12} Based upon the Ohio Supreme Court's opinion in Statev. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at ¶ 97, holding that sentences premised upon findings required by R.C. 2929.14(B) and R.C. 2929.14(E)(4) are unconstitutional under Blakely,
appellant's sentence is void and must be remanded to the trial court for a new sentencing hearing. Id. at ¶ 103, citing Statev. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 13} Upon remand, the trial court "shall consider those portions of the sentencing code that are unaffected" by the holding of Foster and is now free to "impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105 (citation omitted).
 {¶ 14} Accordingly, Bengal's second and third assignments of error have merit. Since Bengal's first assignment of error is based upon a sentence which is now void pursuant to Foster, it is hereby overruled as moot.
 {¶ 15} We reverse the judgment entry of sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
Rice, J., O'Toole, J., concur.